IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. ANTHONY D. MELBOURNE, Defendant/Movant. | Cause No. CR 08-150-GF-BMM<br>CV 16-078-GF-BMM<br><br>ORDER DENYING<br>§ 2255 MOTION AND DENYING<br>CERTIFICATE OF APPEALABILITY |

This case comes before the Court on a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Defendant Melbourne is a federal prisoner proceeding pro se. He seeks relief under the rule of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

1

Melbourne pled guilty to one count of second-degree murder. The crime was committed in 2002. The November 2001 version of the United States Sentencing Guidelines applied. The base offense level was 33. Melbourne received a three-level downward adjustment for acceptance of responsibility. His criminal history category was IV. The advisory guideline range was 135 to 168 months. Melbourne was sentenced to serve 168 months. *See* Sentencing Tr. (Doc. 23) at 5:2-17; Judgment (Doc. 43) at 1-3.

Neither the offense to which Melbourne pled guilty nor any part of his advisory guideline calculation required the Court to interpret a residual clause or to determine what constitutes a "crime of violence" or "violent felony." Melbourne's burglary charges counted toward his criminal history, not toward any enhancement. Mot. § 2255 (Doc. 34) at 6 ("Ground Two"). *Johnson* does not affect the criminal history computation. *Johnson* has no bearing on the use or confidentiality of juvenile records. *Id.* at 5 ("Ground One"). *Johnson* does not apply to Melbourne's case.

A certificate of appealability is not warranted. Melbourne has not made a showing that he was deprived of a constitutional right. Because *Johnson* is not implicated in Melbourne's case, reasonable jurists would find no basis to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Melbourne's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 34) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Melbourne files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-78-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Melbourne.

DATED this 5th day of July, 2016.

Brian Morris
United States District Court Judge